In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2430

Steven J. Chestnut, Kimberly M. Cunningham
and Bary L. Brown,

Plaintiffs-Appellants,

v.

Officer Terry Hall, Individually as a
Sergeant for the Indianapolis Police
Department; Officer Ron Burgess,
Individually as an Officer for the
Indianapolis Police Department; and
Officer David Neal, Individually
as an Officer for the Indianapolis Police
Department; and the City of Indianapolis,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP00-0525--John D. Tinder, Judge.

Argued January 17, 2002--Decided April 1, 2002


Before Flaum, Chief Judge, Bauer and
Easterbrook, Circuit Judges.

Bauer, Circuit Judge.  The plaintiffs-
appellants filed suit against the
defendants-appellees, claiming
constitutional rights violations. The
case went to trial and a jury returned a
verdict in favor of the appellees and
against the appellants on all claims. On
appeal, the appellants argue that the
district court abused its discretion in
excluding evidence of a witness's past
misconduct and in submitting flawed
instructions to the jury. For the
following reasons, we AFFIRM the judgment
of the district court.

Background

   The appellants are supporters of the
International Brotherhood of Teamsters, a
union that orchestrated a strike and
established a picket line outside of the
Overnite Transportation Company's
("Overnite") Indianapolis facility
toprotest claimed unfair labor practices

in late 1999. Wackenhut Corporation ("Wackenhut"), a private security firm, was hired by Overnite to provide security during the strike, which was by all accounts riddled with clashes between the union supporters and Overnite employees.

One such incident occurred on the night of December 17, 1999. At approximately 10:00 p.m., Paul Tutsie, a former police officer employed as a supervisor by Wackenhut, contacted Sergeant Terry Hall of the Indianapolis Police Department. Tutsie informed Hall that one of his subordinates then working the Overnite location reported that strikers were vandalizing Overnite property. In particular, Tutsie told Hall that one of his subordinates reported that some strikers were throwing down nails in front of the main gate in an effort to block non-striking truckers from entering and exiting. In response to Tutsie's call, Hall called for backup and proceeded to the Overnite facility.

Upon arriving at Overnite, Hall, followed by Officers David Neal and Ron Burgess, approached the picket line. Standing near Overnite's front entrance were all three appellants, Steven J. Chestnut, Kimberly M. Cunningham and Bary L. Brown, and a fourth individual, Bruce Hamilton. What happened next is not altogether clear. The appellants complain that they were "seized, searched and intimidated" by the appellees "without probable cause, a warrant, the consent of the individuals, or exigent circumstances." Though the appellees concede that they did not have a search warrant when investigating the report of vandalism at Overnite, they argue that no unlawful search or seizure occurred because (i) their actions were nothing more than a protective pat-down for weapons as a result of a lawful investigatory stop; (ii) even if their conduct amounted to a search, each of the appellants voluntarily consented;/1 and (iii) there existed probable cause that a crime was being or had been committed, and there existed exigent circumstances.

After a three day jury trial and verdict, the district court entered final judgment in favor of the appellees on May 11, 2001. The appellants now seek reversal, arguing that the district court abused its discretion in excluding

evidence of a defense witness's past misconduct and in submitting flawed instructions to the jury. We find these arguments unavailing.

Discussion

  A.  Excluded Evidence

  Prior to trial, the appellants and the appellees filed several motions in limine. At issue here is the appellees' first motion in limine, which sought an order excluding any evidence that witness Paul Tutsie was involved in an incident known as the "Meridian Street Police Brawl" when he was employed by the Indiana Police Department. In support of their motion, the appellees argued that any such evidence was irrelevant to the appellants' claims and its introduction would be unduly prejudicial. The district court granted the appellees' motion, finding Tutsie's involvement in the Meridian Street Police Brawl "clearly irrelevant to any issue in this case." We agree.

  The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). Evidence of Tutsie's involvement in the Meridian Street Police Brawl is of no consequence to the determination of this action, nor can such evidence reasonably be said to have any tendency making the existence of a fact that is of consequence more or less probable. Tutsie's role on the night of December 17, 1999, was limited to relaying information received from a subordinate at Wackenhut that strikers were vandalizing Overnite property. As the district court noted, Tutsie was not even present at the scene when the events giving rise to this lawsuit occurred. Evidence of past misconduct by a witness whose narrow testimony has no bearing at all on the ultimate determination of the action is properly excluded under Rule 401. The district court in no way abused its discretion in excluding evidence of Tutsie's past misconduct in this case.


  B.  Jury Instructions

The appellants also argue that the district court committed reversible error in submitting flawed instructions on warrantless searches. Specifically, the appellants claim that Final Instructions 20 and 23 set forth incorrect statements of the law. With respect to Final Instruction 20, the appellants concede that they did not object to this instruction on the record at trial as required by Rule 51 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 51 ("At the close of the evidence or at such earlier time during the trial as the court directs . . . [n]o party may assign as error the giving or the failure to give an instruction unless that party ob jects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."). Failure to challenge a jury instruction in a civil case results in a waiver and precludes appellate review. Haley v. Gross, 86 F.3d 630, 644 (7th Cir. 1996); Nat'l Org. for Women, Inc. v. Scheidler, 267 F.3d 687, 704 (7th Cir. 2001) ("[In] a civil trial, not a criminal trial, there is no equivalent of 'plain error' review for a challenge that is forfeited rather than waived."). Notwithstanding, the appellants assert that Final Instruction 20 is properly subject to appellate review because they objected to a similar instruction in the appellees' proposed jury instructions. We are unpersuaded.

Rule 51 requires not only that objections to jury instructions be made in a timely fashion and on the record, but also with sufficient specificity to apprise the district court of the legal and factual bases for any perceived defect. See, e.g., Knox v. State of Indiana, 93 F.3d 1327, 1332 (7th Cir. 1996) (denying appellate review to party whose instruction objection was not specific enough to alert trial court to argument set forth on appeal); Maltby v. Winston, 36 F.3d 548, 560 (7th Cir. 1994) (Rule 51 requires a specific objection on the record). The specificity requirement facilitates one of the basic purposes of Rule 51; to give district courts the opportunity to amend erroneous jury instructions, thereby avoiding the need for further review and potential retrial. See Haley, 86 F.3d at 644. Objecting to a "similar" proposed instruction hardly

satisfies this requirement. To so hold would be no different than allowing the appellant to rely on a general objection, which is insufficient under Rule 51. See Knox, 93 F.3d at 1332; Maltby, 36 F.3d at 560; Haley, 86 F.3d at 644. Because the appellants failed to satisfy the requirements of Rule 51, any argument regarding Final Instruction 20 is waived. See Susan Wakeen Doll Co. v. Ashton-Drake Galleries, 272 F.3d 441, 453 (7th Cir. 2001).

The appellants' objection to Final Instruction 23 is likewise waived. In arguing that Final Instruction 23 isproperly subject to appellate review under Rule 51, the appellants again rely on an objection to a proposed instruction containing language similar to that in Final Instruction 23. As discussed, however, objections to similar instructions are insufficient to satisfy Rule 51's requirements.

Additionally, the appellants assert that because they did object to Final Instruction 23 during the jury instruction conference, albeit on a different basis than that for which they now seek review, they should nonetheless be able to argue a new error on appeal. Not so. A party's failure to object to even that portion of a jury instruction questioned on appeal results in a waiver under Rule 51. See Gagan v. Am. Cablevision, Inc., 77 F.3d 951, 966 (7th Cir. 1996) (finding Rule 51 objection waived where party conceded that he did not object to that portion of the jury instruction questioned on appeal); Susan Wakeen Doll Co., 272 F.3d at 453 (party waived any appellate argument regarding clause to which no objection was made at instruction conference); cf. Knox, 93 F.3d at 1334 ("We agree . . . that the State's trial objection was not specific enough to alert the district court to the more refined argument it is now making [on appeal], and thus that the objection did not meet the requirements of Fed. R. Civ. P. 51."). The appellants have waived their Rule 51 objection and Final Instruction 23 is beyond the scope of review.

The appellants also assert that they twice argued the substantive problems they had with the law ultimately set forth in Final Instruction 23 during the

presentation of evidence. The assertion that these evidentiary arguments serve as or excuse a formal Rule 51 objection does not bar waiver in this case. A party may be excused from complying with the formalities of Rule 51 where: (1) the party's position has been previously made clear to the court; and (2) further objection would be unavailing and futile. Carter v. Chicago Police Officers M.L., 165 F.3d 1071, 1078 (7th Cir. 1998) (citations omitted). Even if we were to assume that the appellants' arguments regarding Final Instruction 23 were made sufficiently clear to the district court (which is questionable), the appellants have made absolutely no showing that a timely, specific and formal Rule 51 objection would have been unavailing and futile. This is especially true where, as here, the appellants were afforded and failed to seize the opportunity to make a specific, formal objection during the instruction conference at trial.

Lastly, the appellants filed a Statement of Proceedings pursuant to Rule 10(c) of the Federal Rules of Appellate Procedure in order to incorporate an objection they made to proposed Instruction No. 23 at a pre-trial conference into the record on appeal. After the appellees filed a Verified Response, the district court entered an order settling the record that acknowledges the appellants' objection to proposed Instruction No. 23 but questions the applicability of Rule 10(c) to pre-trial conferences. See Fed. R. App. P. 10(c) ("If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings . . . .") (emphasis added). We need not address the applicability of Rule 10(c) to such a proceeding, however, because the appellants' earlier comments do not cure their failure to later record a formal objection to Instruction No. 23 during the instruction conference. Rule 51 requires that specific objections be made on the record "[a]t the close of the evidence or at such earlier time during the trial as the court reasonably directs." Fed. R. Civ. P. 51 (emphasis added). In accordance with Rule 51, the judge here afforded the appellants the full opportunity to alert the court to their objections so that any errors could be corrected prior to deliberations. The appellants chose not to voice their objections to Instruction 23's statement of the law on warrantless searches when

reasonably directed to do so by the court. The appellants ignored the mandates of Rule 51 and in so doing, waived any objection to Final Instruction 23.

Conclusion

The judgment of the district court is hereby AFFIRMED.

FOOTNOTE

/1 In addition to consent, the appellees answered the appellants' allegations with several affirmative defenses: (1) good faith; (2) the appellants' own negligence; (3) no action for damages under the Indiana Constitution; (4) qualified immunity; and (5) immunity from tort liability under Indiana statute for the enforcement of a law.